IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                                            Case No.1:08cr32-SPM

LEONEL ROMAN,

      Defendant.
_____/

**ORDER DENYING MOTION FOR SEVERANCE**

This cause comes before the Court on Defendant Leonel Roman's "Motion for Severance" (doc. 147) and the Government's response (doc. 157). Defendant contends that a severance is required under Zafiro v. United States 506 U.S. 534 (1993), because there is a serious risk that the overwhelming evidence against Defendant Roman's co-Defendants would consequently prevent the jury from making a reliable judgment about the guilt or innocence of Defendant Roman. This Court disagrees.

Generally, defendants indicted together should be tried together, particularly in conspiracy cases, which this case is. See United States v. Smith, 918 F.2d 1551, 1559 (11th Cir. 1990). If it appears that a defendant is prejudiced by a joint trial with his co-defendants, however, the district court may sever the trial of co-defendants or grant whatever other relief justice requires. See Fed. R.

Crim. P. 14.

"To justify severance, the defendant must demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of his defense." United States v. Cobb, 185 F.3d 1193, 1197 (11th Cir. 1999) (citation and internal quotations omitted). "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." Zafiro, 506 U.S. at 538-39. The "only two circumstances in which severance is the only permissible remedy" is when there is a serious risk that "a joint trial (1) 'would compromise a specific trial right of one of the defendants,' or (2) would 'prevent the jury from making a reliable judgment about guilt or innocence.'" United States v. Browne, 505 F.3d 1229, 1269 (11th Cir. 2007) (citing Zafiro, 506 U.S. at 539).

In this case, to demonstrate the potential prejudice of a joint trial, Defendant Roman simply refers to the volume of the evidence against the other defendants as compared to the evidence against him. Roman argues that the evidence against his co-defendants "substantially exceeds the Government's evidence against" Defendant Roman and that this disparity in evidence will prejudice him and prevent him from having a fair trial. However, Defendant has not sufficiently demonstrated that the jury will be unable to evaluate the evidence against all of the Defendants independently. The mere volume of evidence against certain defendants does not automatically prejudice a co-defendant. In

this Court's experience, juries are extremely capable of compartmentalizing the evidence offered during trial and then applying the evidence to the different defendants in the trial.  Defendant Roman has not shown this Court that it is mistaken in this observation and that there is a substantial risk that a joint trial will result in specific and compelling prejudice to the conduct of Defendant Roman's defense.  Accordingly, it is ORDERED AND ADJUDGED that Defendant Roman's "Motion for Severance" (doc. 147) is hereby ***denied***.

DONE AND ORDERED this <u>tenth</u> day of February, 2009.

<u>  *s/ Stephan P. Mickle*  </u>
Stephan P. Mickle
United States District Judge